THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK ANTHONY ROBINSON, et al., | : | |
| | : | |
| **Plaintiffs** | : | |
| v. | : | 3:11-CV-2194 |
| | : | (JUDGE MARIANI) |
| JOHN WETZEL, et al., | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM OPINION

### I. Introduction

Before the Court are several motions from Plaintiffs seeking various forms of relief. The Court will address each motion and remand the case to Magistrate Judge Mannion for further screening pursuant to 28 U.S.C. § 1915A once Plaintiffs re-file an Amended Complaint stating claims upon which relief can be granted.

### II. Analysis

#### Report & Recommendation

Judge Mannion recommended dismissing the Complaint (Doc. 1) without prejudice to allow Plaintiffs to exhaust their administrative remedies before returning to this Court. (Doc. 38). In their Objections (Doc. 41), Plaintiffs assert that though at the time they filed their Complaint they had not exhausted their administrative remedies, they have now, so the case should move forward.

Moreover, after filing their Objections, Plaintiffs moved to amend their complaint and submitted that Amended Complaint with their motion. (Docs. 44, 45). The Amended Complaint excludes any references to Plaintiffs' previous failure to exhaust their administrative remedies. (Doc. 45). Because Plaintiffs now assert that they have exhausted their administrative remedies, the Court will not adopt the Report & Recommendation because it is now moot. Instead, the Court will remand the case to Judge Mannion for further screening under 28 U.S.C. § 1915A once Plaintiffs file another amended complaint that states claims upon which relief can be granted.

## Motion to Appoint Counsel to Represent Class Action

Plaintiffs filed a motion to appoint counsel to represent a class action. (Doc. 4). In this case, there is neither a constitutional nor a statutory right to counsel for inmate civil litigants. *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Rather, a district court has broad discretion to appoint counsel under 28 U.S.C. § 1915(e)(1), which provides that "[t]he court may request an attorney to represent any person unable to employ counsel." If the Court determines that the claims have some merit, the factors it should consider are:

> (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; [and] (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997). The Court notes that Plaintiffs must make a separate motion to certify this case as a class action lawsuit under Federal Rule of

2

Civil Procedure 23, which Plaintiffs have not yet done. To obtain class certification, Plaintiffs must show that:

> 1) the class is so numerous that joinder of all members is impracticable; 2) there are questions of law or fact common to the class; 3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and 4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a). Plaintiffs must make all four showings to certify this case as a class action lawsuit. Furthermore, a *pro se* prisoner may not be the representative of a class action on behalf of his fellow inmates. *Alexander v. New Jersey State Parole Bd.*, 160 Fed. App'x 249, 250, n.1 (3d Cir. 2005). So, a licensed attorney must represent a class of inmate plaintiffs.

At this time, it is too early in the case for the Court to determine whether appointment of counsel is appropriate. The complaint has not yet been served on any of the defendants, and the factual record is insufficiently developed for the Court to know whether the claims have any merit. As such, the Court will deny the motion without prejudice.

## Plaintiff Robinson's Motion for Preliminary Injunction

Plaintiff Robinson filed a motion for preliminary injunction and TRO against Lieutenant Gardner, Unit Manager Chambers, Superintendent Ditty, and Property Officer Huber, requesting the Court's intervention so he would have greater access to the prison law library and storage for legal materials. (Doc. 13). This Court denied the very same motion against the same actors in the case of *Robinson v. Tennis*, 3:11-CV-1724, on May

15, 2012 when it adopted Magistrate Judge Mannion's Report and Recommendation in that case. For the same reasons that Judge Mannion recommended denying the motion there, the Court will deny the motion here.

Also, of the four actors sought to be enjoined by Plaintiff Robinson in his motion, only Defendant Ditty is a named defendant in this case. Because Ditty is a named defendant, the Court briefly will address the merits of Plaintiff Robinson's motion. As a threshold matter, "it is a movant's burden to show that the 'preliminary injunction must be the only way of protecting the plaintiff from harm.'" *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1992). In considering a motion for injunctive relief, the court must consider: (1) whether the movant has shown probability of success on the merits; (2) whether the movant will be irreparably harmed by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. *Brian B. v. Commonwealth*, 230 F.3d 582, 585 (3d Cir. 2000). The plaintiff must demonstrate each of the four (4) elements to be entitled to preliminary injunctive relief.

Furthermore, to the extent that the plaintiff seeks injunctive relief against non-parties, it is clear that a non-party cannot be bound by the terms of an injunction unless the non-party is found to be acting "in active concert or participation" with a party to the action. *See* FED. R. CIV. P. 65(d)(2)(C). It is also well-settled that "[t]he purpose of a preliminary

4

injunction is to preserve the *status quo*, not to decide the issues on their merits." *Anderson v. Davila*, 125 F.3d 148, 156 (3d Cir. 1997).

Plaintiff Robinson has failed to meet the initial burden required to obtain a preliminary injunction, most notably, the probability of success on the merits because he has not shown that he is entitled to a "properly prescribed legal cell and property room exemptions." (Doc. 13, at 2-3). Thus, Plaintiff Robinson simply has failed to make the requisite showing to warrant the relief requested.

### Plaintiff Payne's Motion for Preliminary Injunction

Plaintiff Payne filed his own motion for preliminary injunction. (Doc. 32). In addition to the same relief Plaintiff Robinson seeks, Plaintiff Payne seeks the additional remedies of TROs against Southers, Unit Manager Chambers, Lt. Moore, Lieutenant Gardner, the Special Management Unit ("SMU") Program Review Committee, Counselor Richards, Psychotic Review Team ("PRT"), and psychologist Miller. This portion of the motion suffers from the same primary defect in Plaintiff Robinson's motion: namely, none of these actors are parties to the case, which severely limits the Court's ability to issue such extraordinary relief. Furthermore, even were they named defendants, Plaintiff Payne has not sufficiently pled his motion for the Court to issue a preliminary injunction or TRO.

Plaintiff Payne moves the Court to order these actors to: provide mental health treatment and enjoin security staff from illegal searches, seizures, and destruction of

Plaintiff Payne's property.[1] (Doc. 33). In support of these requests, Plaintiff Payne alleges that he has attempted to take his own life on numerous occasions since being placed in SCI-Camp Hill's SMU. (Doc. 33 at 2). He was placed in restraints at a mental health facility on at least one occasion after a suicide attempt (allegedly as punishment rather than treatment), but was returned to SMU where corrections officers verbally threatened him and sexually harassed him. (*Id.*). These non-party officers also allegedly issued misconducts to him in retaliation for complaining and filing grievances related to the verbal threats and sexual advances.

Plaintiff Payne's allegations, if true, are serious. However, Plaintiff Payne has not addressed the issues of a preliminary injunction (discussed above) sufficiently for the Court to determine whether relief is warranted. The motion for injunctive relief filed by Plaintiff Payne is aimed at seeking injunctive relief against non-parties. The plaintiff has made no showing that these individuals are acting in active concert or participation with the named parties in this action. *See* FED. R. CIV. P. 65(d)(2)(C). Therefore, at this time, the Court will deny the motion for injunctive relief.

Motion to Amend Complaint

Before addressing the motions to add plaintiffs and withdraw plaintiffs, the Court will discuss the sufficiency of the Amended Complaint (Doc. 45). Currently, the only named defendants are Secretary John Wetzel and Jeff Ditty, Acting Superintendent of SCI-Camp

---

[1] Plaintiff Payne also asks the Court to issue subpoenas to several named witnesses and to order the production of videotapes. Because the complaint has not yet been served on any defendants, these discovery requests are premature, and the Court will deny them without prejudice.

Hill. However, nearly all of the relief requested is against unnamed defendants (non-party actors). Under Section 1983 actions, for liability to attach to a defendant, a plaintiff must aver a defendant's personal involvement in the alleged unlawful action. Plaintiffs must specifically allege personal direction or actual knowledge and acquiescence in the challenged practice. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *Rode v. Dallarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Plaintiffs must allege that each defendant was personally involved in a violation of Plaintiffs' constitutional or statutory rights. If he was not directly involved, he must have been aware of Plaintiffs' exercise of rights before allowing the violation of those rights to occur to attach liability on a failure to supervise/intervene/train. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (finding that plaintiff "must allege facts making it plausible that [defendant] had knowledge of [the] use of excessive force . . . and acquiesced in [the] violations.").

As the Amended Complaint currently stands, Plaintiffs have not sufficiently pled any claims against the two named Defendants Wetzel and Ditty[2] under theories of supervisory liability, failure to intervene, or failure to adequately train. Plaintiffs assert that "despite notification" of constitutional violations, Defendants did not protect, act, or otherwise intervene. (Doc. 45, ¶¶ 92, 95). These are the only allegations contained in the entire Amended Complaint with respect to Wetzel and Ditty. These allegations alone are insufficient for liability to attach to either Defendant.

---

[2] Plaintiff Robinson's motion for a preliminary injunction does refer to Defendant Ditty when Plaintiff alleges that Ditty directly or indirectly attempted to deny plaintiff access to the court by retaliatorily (sic) denying plaintiff a properly prescribed legal cell and property room exemptions." (Doc. 13).

Collectively, Plaintiffs have vaguely pled claims of deliberate indifference, assault, excessive force, and retaliation but nowhere in the Amended Complaint do they state who violated their rights, when, and how. One common thread through the current Plaintiffs' claims is that they are being housed improperly in the SMU, despite their mental health limitations. To give the defendants notice as to what the claims are, Plaintiffs must be more specific with their allegations. Who placed them in SMU? At which time? Another common thread appears to be that Plaintiffs are receiving retaliatory misconducts when they committed no wrongs. Who issued the retaliatory misconducts and when? What caused this alleged retaliation? Plaintiff Robinson alleges that on December 20, 2011, he "had excessive force used upon him." (Doc. 45, ¶ 101). Plaintiff must allege how the force was excessive, and to the extent he knows the identity of the actor, he must attempt to identify that actor. These are only some of the specific deficiencies in the Amended Complaint Plaintiffs must cure. It is only in the motions for preliminary injunctive relief that the Court has been able to glean the identities of defendants who allegedly violated Plaintiffs' rights, including but not limited to: Lieutenant Gardner, Unit Manager Chambers, Property Officer Huber, Unit Manager Carberry, Lieutenant Moore, Counselor Richards, psychologist Miller, and Southers. However, there may be more potential defendants that Plaintiffs have not yet identified.

In addition, much of the Amended Complaint contains recitations of facts irrelevant to this case, which is a matter regarding prison conditions at SCI-Camp Hill's SMU. The Court

notes that all allegations with respect to what allegedly happened to Plaintiff Robinson at SCI-Rockview and SCI-Waymart are irrelevant to this case because none of the current or potential defendants in this case worked at either facility. To the extent that the occurrences at Rockview are relevant to any defendant's retaliatory intent in this case, Plaintiff may, but need not, re-allege paragraphs 21-38. With respect to Plaintiff Payne, the events that allegedly happened at SCI-Greene likewise are irrelevant to this action. It is unclear from the Amended Complaint what Plaintiff Payne's allegations are regarding his time at SCI-Camp Hill. With respect to Plaintiff Borrero, the events that allegedly occurred at SCI-Forest are irrelevant to this action. To the extent that the occurrences at Forest are relevant to any defendant's retaliatory intent in this case, Plaintiff Borrero may, but need not, re-allege paragraphs 76-79.

Finally, the primary relief requested is Plaintiffs Edwards's, Davis's, and Payne's immediate transfer from SMU to the Secure Special Needs Unit ("SSNU") and Plaintiffs Robinson's and Borrero's transfer to another SCI. (Doc. 45, ¶ 97, 98). The Plaintiffs also seek the lifting of all restrictions on them, including yard, shower, law library, and spit masks. (Id. at ¶ 99). The above remedies are all injunctive in nature and as the Court has already stated, Plaintiffs must meet a high burden to obtain such injunctive relief.

In the prison context, however, there are even further restrictions on the courts' authority to grant injunctive relief. Specifically, 18 U.S.C. § 3626 limits the authority of courts to enjoin the exercise of discretion by prison officials, and provides that:

9

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A). Furthermore, when inmate plaintiffs: (1) seek to enjoin a wide array of non-parties and (2) request relief which goes beyond merely preserving the *status quo* in the litigation, but seek to impose new, mandatory conditions on prison officials, it further decreases the likelihood of obtaining an injunction. For example, an injunction against non-parties, like the injunction sought here, requires a specific legal showing. To the extent that Plaintiffs seek to enjoin non-parties in this litigation it is clear that a non-party cannot be bound by the terms of an injunction unless the non-party is found to be acting "in active concert or participation" with the party against whom injunctive relief is sought. FED. R. CIV. P. 65(d)." A request for some form of mandatory proactive injunctive relief in the prison context "must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (3d Cir. 1995) (internal quotation marks omitted). The Court is not ruling on the requests for relief in the Amended Complaint at this

10

time. It is merely alerting Plaintiffs that they bear an extremely high burden if the Court is to intervene in the management of internal prison procedures.[3]

Before dismissing a complaint for failure to state a claim upon which relief may be granted under the screening provisions of 28 U.S.C. § 1915A, the court must grant plaintiffs leave to amend their complaint unless amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Thus, the Court will grant Plaintiff Robinson's Motion to Amend Complaint (Doc. 44) to re-plead his claims against Defendants Wetzel and Ditty for claims upon which relief can be granted, and also to add any other defendants against whom Plaintiffs feel they have a valid and legitimate claim.

## Motions to Add and Withdraw Plaintiffs

Previously, Plaintiff Robinson filed a motion to add a plaintiff, Dave Iverson, to the case. (Doc. 26). Separately, Darryl Miller filed a motion to be added as a plaintiff. (Doc. 34). Because the Court is granting Plaintiffs' motion to amend the Complaint, Plaintiffs are free to add Dave Iverson, if they wish, when they re-file. Therefore, Plaintiff Robinson's motion to add plaintiff (Doc. 26) will be denied as moot.

With respect to Darryl Miller's motion, the Court will deny it without prejudice. Miller's brief in support of his motion (Doc. 35) states that corrections officers at SCI-Forest used excessive force on him and sexually assaulted him before transferring him to the SMU at SCI-Camp Hill in retaliation for filing grievances. Based on the information presented to the

---

[3] Plaintiffs' request for monetary damages/relief is adequately pled and is a matter well within the purview of the Court.

11

Court, Miller has not alleged any violations of his constitutional rights by any personnel at SCI-Camp Hill. Therefore, the proper action would be against the offending officers at SCI-Forest. If Miller can allege a violation of his rights at SCI-Camp Hill by Camp Hill personnel, then he may either file his own case with this Court or join Plaintiffs in their Amended Complaint (if they choose to allow him to join).

Finally, original plaintiffs Tyree Davis and Maurice Edwards each moved to withdraw as a party (Docs. 29, 47, 50). Without explanation, Plaintiff Davis's motion simply said that he "request[] that this honorable Court withdraw me from the above civil litigation at its earliest convenience." (Doc. 29). Plaintiff Edwards's motion suggested that he was moving to withdraw under duress because if he continued with his participation in this lawsuit, he would continue to suffer mistreatment from prison officials. (Docs. 47, 50). Though he claimed he was "right in mind at this time," Plaintiff Robinson has asserted at various times that Plaintiff Edwards has an IQ of 79 and is incapable of fully comprehending what this lawsuit entails. (Docs. 1, 45). Indeed, Plaintiff Robinson has asserted that each original Plaintiff suffers from some form of mental health illness. (Docs. 1, 45).

In a recent decision, the Third Circuit provided valuable guidance on when it may be appropriate to appoint counsel for a *pro se* plaintiff who may be mentally incompetent. The Court addressed the responsibility of the District Court under FED. R. CIV. P. 17(c)(2) to inquire as to whether a *pro se* litigant is incompetent and thereby entitled to the appointment of counsel. It concluded that a "district court need not inquire *sua sponte* into a *pro se*

plaintiff's mental competence based on a litigant's bizarre behavior alone, even if such behavior may suggest mental incapacity." *Powell v. Symons*, Nos. 10-2157, 10-3069, 2012 WL 1066740, at *4 (3d Cir. Mar. 30, 2012).[4] The Third Circuit added that district judges had a duty to inquire "whether there may be a viable basis to invoke Rule 17. That duty of inquiry involves a determination of whether there is verifiable evidence of incompetence. In the context of unrepresented litigants proceeding *in forma pauperis*, this inquiry would usually occur after the preliminary merits screening under 28 U.S.C. § 1915A, or 28 U.S.C. § 1915(e)(2)." (*Id.*).

As yet, this case has not proceeded beyond the initial screening, and there is no competent medical evidence before the Court as to any of the named plaintiffs' mental competency. If the Court should be presented with such evidence, it will undertake a Rule 17 inquiry to determine whether appointment of counsel is appropriate.

Therefore, the Court will deny the motions to withdraw until it determines whether a competency hearing is necessary because Davis's and Edwards's withdrawals may not be entirely voluntary. Should the Second Amended Complaint survive the initial screening by Magistrate Judge Mannion under 28 U.S.C. § 1915A, the Court will Order Defendants to address the competency issues raised in Plaintiffs' pleadings. Upon receipt of Defendants' response regarding the competency issues, the Court will consider appointment of counsel for Plaintiffs under the criteria of *Symons*.

---

[4] "[B]izarre behavior alone is insufficient to trigger a mandatory inquiry into a litigant's competency but 'if there has been a legal adjudication of incompetence and that is brought to the Court's attention, the Rule's provision is brought into play." *Id.*

## III. Conclusion

In summary, the Court will not adopt Magistrate Judge Mannion's Report and Recommendation (Doc. 38) because it has been rendered moot by Plaintiffs' allegations that they have now exhausted their administrative remedies. (Doc. 41). Furthermore, Judge Mannion will re-screen the Second Amended Complaint once Plaintiffs file it. Plaintiffs' Motion to Appoint Counsel (Doc. 4) is denied without prejudice. Plaintiff Robinson's Motion for Preliminary Injunction and TRO (Doc. 13) and Plaintiff Payne's Motion for Preliminary Injunction and TRO (Doc. 32) are denied without prejudice. Plaintiffs' Motion to Amend Complaint (Doc. 44) is granted. The current Amended Complaint is insufficiently pleaded, so Plaintiffs are ordered to re-file a Second Amended Complaint within thirty (30) days of the date of the attached Order. Because Plaintiffs are granted leave to re-file an amended complaint that states a claim upon which relief can be granted, the Court denies Plaintiffs' Motion to add Plaintiff (Doc. 26) as moot. The Court denies Darryl Miller's Motion to Join Complaint (Doc. 34) without prejudice, subject to his alleging a claim against SCI-Camp Hill personnel. Finally, the Court denies Plaintiff Davis's and Plaintiff Edwards's Motions to Withdraw (Doc. 29, 50) because they may not be voluntary withdrawals. A separate Order follows.

Robert D. Mariani
United States District Judge